Luis F. Zapata, Plaintiff and Appellant, *v.* Caribbean Casualty Company, Defendant and Appellee.

No. 4038. Argued November 17, 1927.—Decided on reconsideration July 24, 1928.

*José D. Rodríguez* for the appellant.   *Jaime Sifre Jr., Horacio Franceschi* and *Diego O. Marrero* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

·This is a case where some of the antecedent facts may be gathered from our opinion and judgment of June 25, 1927. A motion for reconsideration was filed and granted and the case reheard on the 17th of November, 1927. At the original hearing we had the erroneous idea that there was a stipulation in the record which permitted the examination by an expert of the value of an auto-truck Clydesdale both before and after an accident against which the defendant company had insured the plaintiff. In other words, our idea was, and it was the idea of the court, that the parties had agreed that a report should be made by an expert to become, like other evidence, part of the record in the case. What really happened was that the defendant proposed that an expert be named who should report the actual condition of the automobile and whether it was working well or not. The plaintiff replied that he had no objection. It is very evident then that the expert was given no authority to determine values, as he attempted to do.

Furthermore, the plaintiff and appellant complains that he had no opportunity to examine the report or to make objections and exceptions to it. The record shows that the court imposed the costs against the defendant. The latter filed a motion for reconsideration which the court granted and then relieved the defendant from the payment of costs. During the pendency of this motion the plaintiff might also have requested a reconsideration based on some of the errors

now alleged. Such a practice would have been advisable, but the failure to do so can not change the fact that the court based its estimate of the damages and limited the plaintiff to the recovery of $200 by reason of the report of the expert, and this without giving the parties a chance to be heard on the said report. The report was dated March 9, 1926. The judgment of the court is dated March 15, 1926. The court may have thought it gave the parties time or that they knew about the report. Examined, it states that the court gave the expert some oral instructions. In any event, the expert exceeded the stipulation and the parties had no chance to be heard. The case in this regard has aspects similar to *Gandia* v. *P. R. Fertilizer Co.,* decided today, *ante,* page 615. The opinion of the lower court and of this court was based on an erroneous conception of the scope of the report and in general parties should be given an opportunity to be heard, if the report had been limited to the stipulation, especially when the report exceeds the stipulation and the expert is not subject to cross-examination.

Perhaps the court below and this court were mistaken in saying that the plaintiff was disposed to accept $600 in addition to the repairs already made. The record contains, as maintained by plaintiff, no direct evidence in that regard. We have found none and we shall lay no stress on the indirect evidence. Something of the kind appeared in the motion for reconsideration, but of course that was not before the court when it rendered its judgment.

The appellant, as appears from his final memorandum, was disposed to accept "the report of Ramírez in regard to his examination of the car, but can not admit that it be given credit as to the valuation, inasmuch as that was not the purpose for which it was proposed by the adverse party and accepted by it." Under all the evidence and the action of the court we are not disposed to disturb the holding that the defendant should receive back the truck. The question to be

determined is the additional amount the plaintiff should receive.

Generally this court on reversing, under section 306 of the Code of Civil Procedure, renders final judgment in this court. In justice to the parties such a procedure is impracticable, if not impossible, in this case. The opinion of the court and its attitude to the whole evidence was produced by the report of the expert. We have not had the benefit of the court's opinion after seeing and hearing the evidence without the valuation made by the expert. It would seem apparent that the court was not satisfied with the appreciation made by the plaintiff's witnesses as to the value of the truck.

We have a serious doubt from the evidence, exclusive of the report of the expert, if the truck at the time of the accident, and as claimed by the plaintiff, was worth $3,000. It had been in use too long. It had seemed to us in the original opinion that the plaintiff was not claiming its value to be more than $1,500. Nevertheless, the report eliminated, we are not prepared to say what the true value was, and the plaintiff will have another chance to prove his damages.

Our idea now in reversing the case is to allow the court below to determine the difference in value of the truck before the accident and after the repairs made by the defendant. Despite the clauses of the policy, the whole matter now is one of damages. We have examined the decision of this court in *Martínez* v. *Independence Indemnity Co.*, 36 P.R.R. 775. Naturally if an insured automobile suffering an accident is not repaired to be serviceable the owner is not bound to receive it, but that fact was found against the plaintiff and we are not disposed to disturb the finding.

The judgment will be reversed and the case sent back for proceedings not inconsistent with this opinion.

Mr. Justice Texidor took no part in the decision of this case.